Matter of Sinopidis v Port Auth. of N.Y. & N.J. (2019 NY Slip Op 00830)





Matter of Sinopidis v Port Auth. of N.Y. & N.J.


2019 NY Slip Op 00830


Decided on February 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019

Friedman, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


8315 152427/17

[*1]In re George Sinopidis, Petitioner-Appellant,
v
Port Authority of New York and New Jersey, Respondent-Respondent.


Advocates For Justice, Chartered Attorney, New York (Richard Soto of counsel), for appellant.
Port Authority of New York & New Jersey, New York (Cheryl N. Alterman of counsel), for respondent.



Judgment, Supreme Court, New York County (Erika M. Edwards, J.), entered July 12, 2017, denying the petition to direct respondent to promote petitioner from Police Sergeant to Police Lieutenant, effective March 18, 2016, to award him back pay and benefits, or, in the alternative, to order respondent to reconvene petitioner's interview on a pass-fail basis, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to demonstrate that respondent lacked the discretion to formulate and implement the promotional procedures used here, and failed to show that on their face the procedures were unlawful or arbitrary and capricious (see Matter of Ruskin v Ward , 167 AD2d 161 [1st Dept 1990]). Nor has petitioner raised an issue as to whether the failing grade he received based on his performance at a Qualifications Review Meeting (QRM) was arbitrary and capricious. Respondents, such as Port Authority, have "broad discretion to select individuals for civil service appointment and promotion" and this Court shall "not interfere with the exercise of that discretion unless there is evidence of arbitrary or unlawful conduct by the appointing officer" (167 AD2d 161). Petitioner's argument that he was "essentially informed" by his superior officers that he had performed well on the QRM does not raise an issue as to the propriety of the failing grade he actually received.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 5, 2019
CLERK